# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | )( | |
| | )( | **Criminal No. 21-204-01 (BAH)** |
| **v.** | )( | **Chief Judge Howell** |
| | )( | **Status: July 16, 2021** |
| **MATTHEW BLEDSOE** | )( | |

## MOTION TO MODIFY CONDITIONS OF RELEASE
## AND POINTS AND AUTHORITY IN SUPPORT THEREOF

COMES NOW the defendant, Matthew Bledsoe, by and through undersigned counsel, and respectfully moves this Honorable Court to modify his conditions of release in this case by vacating the requirement that he be subject to GPS location monitoring.  In support of this motion, Mr. Bledsoe would show:

1.      On January 15, 2021, Matthew Bledsoe was arrested in Memphis, Tennessee, where he resides.  He was arrested on a warrant that originated in this case.  The charges at issue in the warrant pertain to the events that occurred at the United States Capitol on January 6, 2021.  The same day that Mr. Bledsoe was arrested on the warrant, he had an initial appearance before a Magistrate Judge in the United States District Court for the Western District of Tennessee.  At that appearance, Mr. Bledsoe was released on conditions that included GPS location monitoring.  Mr. Bledsoe's case was subsequently transferred to this District and assigned to this Court.

2.      On February 10, 2021, Mr. Bledsoe filed an Under Seal Motion to Modify Conditions of Release and Points and Authority in Support Thereof.[1]  In this motion, Mr. Bledsoe requested that the Court vacate the requirement that he be subject to GPS location monitoring while his case is pending.  A hearing was held in this case on February 12, 2021.  At

---

[1] The motion was filed under seal because it made reference to materials that had previously placed under seal.

that time, the Court denied the motion, but the Court indicated that it would be willing to revisit the issue if Mr. Bledsoe could show long-term compliance with his GPS location monitoring. The court suggested a six-month period of compliance would be sufficient to revisit the issue.

3.      The next status conference in this case is on July 16, 2021.  At that time, Mr. Bledsoe will have been on GPS location monitoring for exactly six months.  On June 14, 2021, undersigned counsel spoke by phone with Christine Schuck of the Pretrial Services Agency (PSA) for the District of Columbia.  Ms. Schuck indicated that she had confirmed with PSA for the Western District of Tennessee, who is supervising Mr. Bledsoe's release in this case, that Mr. Bledsoe has not had any violations since being placed on GPS location monitoring on January 15, 2021.  Ms. Schuck informed counsel that PSA for the Western District of Tennessee would defer to the Court as to whether the requirement that Mr. Bledsoe be on GPS-location monitoring should now be lifted.  However, Ms. Schuck also informed counsel that, as a matter of general policy, PSA for the District of Columbia does not recommend reducing the level of supervision for defendants charged in the United States District Court for the District of Columbia.  On July 8, 2021, Ms. Schuck and counsel communicated again.  At this time, Ms. Schuck informed counsel that Mr. Bledsoe remains free of any GPS-location-monitoring violations and is in compliance with his release conditions.  Ms. Schuck also informed counsel that PSA for the Western District of Tennessee would still defer to the Court as to whether the requirement that Mr. Bledsoe be on GPS location monitoring should now be lifted.

4.      Mr. Bledsoe has been indicted in this case on five counts: 1) Obstruction of an Official Proceeding (18 U.S.C. §§ 1512(c)(2), 2);  2), Entering and Remaining in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(1)); 3) Disorderly or Disruptive Conduct in a Restricted Building or Grounds 18 U.S.C. § 1752(a)(2)); 4) Disorderly Conduct in a Capitol Building (40 U.S.C. § 5104(e)(2)(D)); and 5) Parading, Demonstrating, or Picketing in a Capitol Building (40 U.S.C. § 5104(e)(2)(G)).  Only count 1 is a felony.  Counts 2 and 3 are

misdemeanors, and counts 4 and 5 are petty offenses.  Mr. Bledsoe is not charged with assaulting anyone, damaging any property, or making any kind of forced entry, and the government has not disclosed any evidence that he engaged in any such conduct.

5.     Mr. Bledsoe owns a moving company and spends a fair amount of his work time outdoors loading and unloading furniture off trucks while in the presence of his customers.  Mr. Bledsoe's ability to do business depends on his customers having a certain degree of trust in him. His business is in western Tennessee, where it obviously gets very hot in the summer. Ordinarily, in summer, Mr. Bledsoe wears shorts at work, but he obviously cannot do this now because they would expose his ankle bracelet.  Also, given the nature of his work, it is hard to conceal the ankle bracelet entirely even when wearing long pants.

6.     On June 14, 2021, undersigned counsel spoke by phone with Assistant United States Attorneys Jamie Carter and Mitra Jafary-Hariri.  Undersigned counsel explained to Ms. Carter and Ms. Jafary-Hariri the substance and purpose of this motion.  Ms. Carter and Ms. Jafary-Hariri indicated that the government opposes the motion.

7.     Mr. Bledsoe has been on GPS location monitoring for six months and has not had any violations.  In this he has demonstrated a high degree of trustworthiness.  It is therefore submitted that such monitoring for Mr. Bledsoe is not now necessary "to reasonably assure [his] appearance… as required and the safety of any other person and the community."  18 U.S.C. § 3142(c)(1)(B).  Accordingly, the requirement that Mr. Bledsoe be on GPS location monitoring as a condition of his release should be vacated.

8.     Conditions of release can be modified by a judicial officer at any time.  18 U.S.C. § 3142(c)(3).

WHEREFORE, the defendant, Matthew Bledsoe, moves this Honorable Court to vacate the requirement that he be subject to GPS location monitoring as a condition of his release.

Respectfully submitted,

_____/s/_____
Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Matthew Bledsoe
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101