UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 21-204 (BAH) |
| v.    )( | Chief Judge Howell |
| )( | Trial: August 1, 2022 |
| MATTHEW BLEDSOE   )( | |

**SUPPLEMENT TO
MOTION TO SUPPRESS DATA RECOVERED
FROM FACEBOOK AND INSTAGRAM ACCOUNTS
AND DERIVATIVE EVIDENCE AND INFORMATION
AND POINTS AND AUTHORITY IN SUPPORT THEREOF**

COMES NOW the defendant, Matthew Bledsoe, by and through undersigned counsel, and respectfully supplements his recently filed Motion to Suppress Data Recovered from Facebook and Instagram Accounts and Derivative Evidence and Information and Points and Authority in Support Thereof (ECF #182). Mr. Bledsoe now supplements that filing to make an additional argument as to why the data at issue must be suppressed. Towards this end, Mr. Bledsoe would show:

1.  On April 29, 2022, Mr. Bledsoe filed a Motion to Suppress Data Recovered from Facebook and Instagram Accounts and Derivative Evidence and Information and Points and Authority in Support Thereof (Motion to Suppress).

2.  In his Motion to Suppress, Mr. Bledsoe points out that government agents obtained information from Facebook, Inc. that identified Facebook and Instagram accounts that were being used to stream and/or upload videos by persons who may have been inside the Capitol when the events of January 6 were ongoing. Motion to Suppress at 2 (discussing Affidavit at 15). The government then used this identifying information to obtain a warrant to

1

compel Facebook, Inc. to provide data for those accounts. See Motion to Suppress at 1-2 (discussing Warrant at 1 & Attachment A at 1-2). Subsequently, the government determined that a Facebook account and an Instagram account that was among the accounts that Facebook, Inc. provided data from pursuant to the warrant belonged to Mr. Bledsoe. See id.

3.  It appears that the government did not have a warrant when it obtained information from Facebook, Inc. that identified Facebook and Instagram accounts that were being used to stream and/or upload videos by persons who may have been inside the Capitol when the events of January 6 were ongoing. Because a Facebook account and an Instagram account that the government now claims belong to Mr. Bledsoe were among the accounts that were so identified, the government's obtainment of identifying information for those particular accounts violated Mr. Bledsoe's Fourth Amendment rights. Accordingly, this information must be suppressed. Also, any information that was obtained from exploitation of that information must also be suppressed. Such information would include the data from the Facebook account and the Instagram account at issue that the government subsequently obtained with a warrant.

## DISCUSSION

Information showing what Facebook and Instagram accounts were being used by persons at a particular location during a particular time period is analogous to so called "tower dump" information, which is information showing what cell phones were using a particular cell tower during a specified time period. See United States v. Carpenter, 138 S.Ct. 2206, 2220 (2018). In Carpenter, the Supreme Court was dealing with information showing what cell towers were being used by a specific cell phone during a specified time period (cell-site records). 138 S.Ct. at 2212. The Court held that "[t]he Government's acquisition of… cell-site records [i]s a search

2

within the meaning of the Fourth Amendment." Id. at 2220. Accordingly, the Court stated that "the Government must generally obtain a warrant supported by probable cause before acquiring [cell-site] records." Id. at 2221. In reaching this holding, the Court expressly indicated that it was not expressing a view as to whether the government's obtainment of "tower dump" information constituted a Fourth Amendment search. Id. at 2220. However, the logic the Court used to find that the government's obtainment of cell-site records for a specific phone constituted such a search applies with equal force in the "tower dump" context.

In Carpenter, in reaching its holding that the government's obtainment of cell-site records for a specific phone constituted a Fourth Amendment search, the Court noted that this holding was informed by the need to protect individuals from technological advancements encroaching on founding-era understandings of privacy rights. 138 S.Ct. at 2214-16 (citing cases). Like the government's obtainment of cell-site records for a specific phone, the government's obtainment of "tower dump" information is also possible precisely because of the fact that technological advancements now allow access to areas of people's lives that they have traditionally had an expectation of privacy in. Accordingly, the government's obtainment of "tower dump" information also constitutes a Fourth Amendment search in relation to those persons whose location during the specified time period is thus determined. Similarly, the government's obtainment of information showing what Facebook and Instagram accounts were being used by persons at a particular location during a specified time period must also be considered a Fourth Amendment search in relation to those people.

Here, the government obtained information showing the location of the person who was using a Facebook account and an Instagram account it now claims belong to Mr. Bledsoe at the time the events of January 6 were ongoing. The government appears to have obtained this

information without a warrant.  Accordingly, this information was obtained in violation of Mr. Bledsoe's Fourth Amendment rights and must be suppressed.  Moreover, the government then used this location information to get a warrant to obtain the data from those accounts.  Accordingly, this data was fruit of the poisonous tree and must also be suppressed.  Taylor v. Alabama, 457 U.S. 687, (1982); United States v. Crews, 445 U.S. 463, 471 (1980); Dunaway v. New York, 442 U.S. 590 (1975); Brown v. Illinois, 422 U.S. 590 (1975); Wong Sun v. United States, 371 U.S. 471 (1973).

## CONCLUSION

WHEREFORE, the defendant, Matthew Bledsoe, supplements his recently filed Motion to Suppress Data Recovered from Facebook and Instagram Accounts and Derivative Evidence and Information and Points and Authority in Support Thereof.

Respectfully submitted,

_____/s/_____
Jerry Ray Smith, Jr.
D.C. bar No. 448699
Counsel for Matthew Bledsoe
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101