# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | )( | |
| | )( | **Criminal No. 21-204 (BAH)** |
| **v.** | )( | **Chief Judge Howell** |
| | )( | **Trial: July 18, 2022** |
| **MATTHEW BLEDSOE** | )( | |

## MOTION IN LIMINE TO EXCLUDE
## EVIDENCE CONCERNING CONDUCT BY OTHERS
## THAT DEFENDANT WAS UNAWARE OF
## AND REFERENCES TO SUCH CONDUCT

COMES NOW the defendant, Matthew Bledsoe, by and through undersigned counsel, and respectfully moves this Honorable Court, in limine, to exclude at his trial evidence concerning conduct by others that he cannot be shown to have been aware of at the time it was occurring.  Additionally, he moves the Court to exclude references to such conduct.  In support of this motion, Mr. Bledsoe would show:

1.      In connection with the events of January 6, 2021 at the United States Capitol, Mr. Bledsoe has been charged in a five-count indictment (Indictment) (ECF #23) in this case.  The counts of the Indictment are as follows: 1) Obstruction of an Official Proceeding and Aiding and Abetting (18 U.S.C. §§ 1512(c)(2) and 2);  2) Entering and Remaining in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(1)); 3) Disorderly or Disruptive Conduct in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(2)); 4) Disorderly Conduct in a Capitol Building (40 U.S.C. § 5104(e)(2)(D)); and 5) Parading, Demonstrating, or Picketing in a Capitol Building (40 U.S.C. § 5104(e)(2)(G)).  In all five counts, Mr. Bledsoe is charged as a principal.  However, in count one, he is charged alternatively under an aiding-and-abetting theory.  He is not charged alternatively under an aiding-and-abetting theory in the other four counts.

2.      Under Fed. R. Evid. 402, "[i]rrelevant evidence is not admissible," and under Fed. R. Evid. 401(b), evidence is only relevant if it helps to establish a "fact [that] is of consequence in determining the action."

3.      In <u>Rosemond v. United States</u>, 134 S.Ct. 1240 (2014), the Supreme Court made clear that one cannot be held liable under an aiding-and-abetting theory for conduct he does not have actual knowledge of.  <u>Id.</u> at 1250-51 (where evidence did not show that drug-trafficking defendant was aware his accomplice was armed at time defendant associated himself with drug-trafficking venture, he could not be held liable on an aiding-and-abetting theory for drug-trafficking while armed under 18 U.S.C. § 924(c)).

4.      Obviously, for the four counts of the Indictment where Mr. Bledsoe is only charged as a principal (counts two through five), evidence concerning conduct by others does not go to a fact of consequence in regards to Mr. Bledsoe's guilt or innocence on those counts. Accordingly, such evidence is not relevant in connection with those counts.  Moreover, for the count of the Indictment where he is charged both as a principal and, alternatively, as an aider and abettor (count one), while evidence concerning conduct by others could go to a fact of consequence in regards to his guilt or innocence on that count, this can only be the case if it is conduct that Mr. Bledsoe can be shown, at a minimum, to have been aware of at the time it was occurring.  Accordingly, in connection with this count, evidence concerning conduct by others cannot be relevant in connection with this count unless it can at least be shown that Mr. Bledsoe was aware of the conduct at the time it was occurring.

5.      Given the above, evidence concerning conduct by others that Mr. Bledsoe cannot be shown to have been aware of at the time it was occurring is not admissible at his trial. Accordingly, evidence concerning such conduct must be excluded.  Additionally, references to such conduct must also be excluded.

WHEREFORE, the defendant, Matthew Bledsoe, moves this Honorable Court, in limine, to exclude at his trial evidence concerning conduct by others that he cannot be shown to have been aware of at the time it was occurring.  Additionally, he moves the Court to exclude references to such conduct.

Respectfully submitted,


_____/s/_____
Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Matthew Bledsoe
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101