UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | )( | |
| | )( | Criminal No. 21-204 (BAH) |
| v. | )( | Chief Judge Howell |
| | )( | Trial: July 18, 2022 |
| MATTHEW BLEDSOE | )( | |

SUPPLEMENT TO
REPLY TO GOVERNMENT'S OPPOSITION
TO DEFENDANT BLEDSOE'S MOTION TO SUPPRESS
FACEBOOK AND INSTAGRAM DATA

COMES NOW the defendant, Matthew Bledsoe, by and through undersigned counsel, and supplements his recently filed Reply to Government's Opposition to Defendant Bledsoe's Motion to Suppress Facebook and Instagram Data. Specifically, Mr. Bledsoe supplements that reply to elaborate on a certain point he makes in that submission. Towards this end, Mr. Bledsoe would show:

1. On June 3, 2022, Mr. Bledsoe filed a Reply to Government's Opposition to Defendant Bledsoe's Motion to Suppress Facebook and Instagram Data (Reply) (ECF #197).

2. In his Reply, Mr. Bledsoe points out that, in the affidavit that was submitted for the warrant for data from the Facebook account and the Instagram account that the government now says belong to him (Affidavit), the only particularized reason that is given for establishing that those accounts might contain evidence of criminal activity is that Facebook, Inc. says they were used to "broadcast[] live videos which may have been streamed and/or uploaded to Facebook from physically within the building of the United States Capitol during the time on January 6, 2021 in which the mob had

1

stormed and occupied the Capitol building." Reply at 2-4 (quoting Affidavit at 15) (emphasis added). In his Reply, Mr. Bledsoe states that the Affidavit does not establish probable cause because "[I]t does not explain, what specific reason Facebook, Inc. had for making this claim, not does it even explain what degree of probability is indicated by the word 'may.'" Id. at 3-4. In doing this, Mr. Bledsoe is emphasizing an argument he made in the underlying motion. See Motion to Suppress Data Recovered from Facebook and Instagram Accounts and Derivative Evidence and Information and Point and Authority in Support Thereof at 2-3 (ECF #182).

      3.      In regards to Mr. Bledsoe's point that the Affidavit does not indicate what specific reason Facebook, Inc. had for claiming that the Facebook account and the Instagram account at issue were used to broadcast videos which <u>may</u> have been streamed and/or uploaded from physically inside the Capitol when the events of January 6 were ongoing, Mr. Bledsoe would emphasize here that this shortcoming alone means that the Affidavit fails to establish probable cause. This is because an affidavit for a warrant must provide the judicial officer reviewing it with sufficient facts for him to make his own independently informed determination of probable cause. <u>Giordenelli v. United States</u>, 357 U.S. 480, 486 (1958) (a judicial officer reviewing an affidavit for a warrant must be able "to judge for himself the persuasiveness of the <u>facts</u> relied on by the [affiant] to show probable cause [emphasis added]"; <u>see also</u> <u>Gates</u>, 213 U.S. at 239; <u>Franks v. Delaware</u>, 438 U.S. 154, 165 (1978); <u>Aguilar v. Texas</u>, 378 U.S. 108, 110-11 (1964). Thus, conclusory assertions in an affidavit for which no underlying bases of knowledge are identified do not permit a judicial officer to exercise his independent judgment and

therefore cannot properly support a finding of probable cause. <u>Gates</u>, 462 U.S. at 239; <u>Whiteley v. Warden</u>, 401 U.S. 560, 563-65 (1971).

    4.    Also, because the Affidavit fails to establish probable cause in the way just mentioned, Mr. Bledsoe would note that, for this reason alone, the government cannot use the <u>Leon</u> good-faith exception to avoid application of the exclusionary rule to the data obtained from the Facebook account and the Instagram account at issue. This is because, for the <u>Leon</u> good-faith exception to apply, the judicial officer's action in authorizing the warrant "cannot be a mere ratification of the bare conclusions of others." <u>Leon</u> 468 U.S. at 915 (<u>quoting</u> <u>Aguilar v. Texas</u>, 378 U.S. 108, 114-115 (1964)).

## **CONCLUSION**

WHEREFORE, the defendant, Matthew Bledsoe, supplements his Reply to Government's Opposition to Defendant Bledsoe's Motion to Suppress Facebook and Instagram Data.

                                          Respectfully submitted,

                                          _____/s/_____
                                          Jerry Ray Smith, Jr.
                                          D.C. bar No. 448699
                                          Counsel for Matthew Bledsoe
                                          717 D Street, N.W.
                                          Suite 310
                                          Washington, DC 20004
                                          E-mail: jerryraysmith@verizon.net
                                          Phone: (202) 347-6101