UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 21-204-01 (BAH) |
| v.            )( | Chief Judge Howell |
| )( | Trial: July 18, 2022 |
| MATTHEW BLEDSOE     )( | |

### REPLY TO GOVERNMENT'S OPPOSITION
### TO DEFENDANT'S MOTION TO TRANSFER VENUE

COMES NOW the defendant, Matthew Bledsoe, by and through undersigned counsel, and replies to the Government's Opposition to Defendant's Motion to Transfer Venue. Towards this end, Mr. Bledsoe would show:

1. On May 24, 2022, Mr. Bledsoe filed a Motion to Transfer Venue for Trial or, Alternatively, Allow for Expanded Voir Dire and Points and Authority in Support Thereof. (Motion) (ECF #190). In the Motion, Mr. Bledsoe requests that the Court transfer the venue of his case for trial. Motion at 1, 3, 4-11. Alternatively, he asks that, if the Court denies a change of venue at this point, it at least allow for expanded voir dire that includes the use of a jury questionnaire. Id. at 1, 4, 11-12.

2. On June 3, 2022, the government filed a Government's Opposition to Defendant's Motion to Transfer Venue (Opposition) (ECF #196). In the Opposition, the government argues that Mr. Bledsoe's request for a change of venue should be denied. Opposition at 3-22. Also, it argues that his alternative request for expanded voir dire that includes the use of a jury questionnaire should be denied as well. Id. at 22-23.

### Other Trials

3. In its Opposition, in support of its arguments against a change of venue and against the use of a jury questionnaire, the government states, "[F]ive other January 6 cases have

1

proceeded to jury trials, and the Court in each of those cases has been able to select a jury without undue expenditure of time or effort." Opposition at 18.  The five cases the government is referring to are United States v. Reffitt, 21-cr-32 (DLF), United States v. Robertson, 21-cr 34 (CRC), United States v. Thompson, 21-cr-161 ((RBW), United States v. Webster, 21-cr-208 (APM), and United States v. Hale-Cusanelli, 21-cr-37 (TNM).  For none of these cases was the trial transferred to another venue, nor does it appear that a jury questionnaire was used to aid the voir dire process.

4.  The government's point that the five January 6 cases that have gone to jury trial so far without an "undue expenditure of time and effort" for picking a jury hardly recommends against taking special steps—like a change of venue or using a jury questionnaire to aid the voir dire process—to insure that Mr. Bledsoe gets an impartial jury.  In fact, the outcomes in those cases actually demonstrate the need to take special steps in Mr. Bledsoe's cases to insure that he gets an impartial jury.

5.  In every single one of the five January 6 cases that have gone to jury trial so far, the jury has convicted the defendants on every single count that they were charged with.  For these five cases, there were a total of twenty-eight counts, and the juries convicted on all of them.  There has not been a single not-guilty verdict on any count.  Verdict Form (ECF #123), Reffitt, 21-cr-32; Verdict Form (ECF #102), Robertson, 21-cr-34; Verdict Form (ECF #88), Thompson, 22-cr-161; Verdict Form (ECF #86), Webster, 21-cr-208; Verdict Form (ECF #87), Hale-Cusanelli, 21-cr-37.  Indeed, even in those six instances where the juries were given the option of convicting the defendants on lesser-included offenses, the juries invariably rejected that option and convicted the defendants on the greater offenses.  Verdict Form (ECF #123), Reffitt, 21-cr-32; Verdict Form (ECF #34), Robertson, 21-cr-34; Verdict Form (ECF #86), Webster, 21-cr-208.

6.  While five January 6 cases have gone to jury trial at this point, two other January 6 cases have been tried to the court: United States v. Couy Griffin, 21-cr-92 (TNM) and United States v. Matthew Martin, 21-cr-394 (TNM).  The outcome in these cases was markedly different than in the five cases tried to a jury.  In Griffin, the defendant was convicted on one of the two

counts against him and acquitted on the other, Minute Entry, 3/22/22, and in Martin, the defendant was acquitted on all four of the counts against him, Minute Entry, 4/6/22.  Thus, in the two January 6 cases that have had bench trials, the government is only batting one for six on charged counts.

       7.       In Skilling v. United States, 561 U.S. 358 (2010) the Supreme Court, in holding that the trial court did not err in denying the defendant's motion for a change of venue, specifically found it of "prime importance" that the jury acquitted the defendant on nine of the counts against him, a fact which showed that a "supposition of juror bias" would have been inappropriate.  561 U.S. at 383.  Indeed, in Skilling, the Supreme Court distinguished the case before it from other cases where it had found that the trial courts should have granted a change-of-venue motion precisely because the trial at issue in Skilling, unlike the trials at issue in the other cases, did not result in an "overwhelming victory for the Government."  Skilling, 561 U.S. at 383 (referencing Sheppard v. Maxwell, 384 U.S. 333 (1966); Estes v. Texas, 381 U.S. 532 (1965); Rideau v. Louisiana, 373 U.S. 723 (1963)).

       8.       The fact that, in the five January 6 cases that have gone to jury trials so far, the juries have convicted the defendants of everything they have been charged with to the fullest extent possible illustrates how significant the problem of juror bias is in the District of Columbia.  Thus, it illustrates the need for special steps to be taken to insure that Mr. Bledsoe is afforded his constitutional right to an impartial jury.  This is especially so when the "overwhelming victor[ies]" the government has gotten in the jury trials of January 6 defendants is compared to the results it has gotten in the bench trials for such defendants.

## Jury Questionnaire

       9.       In its Opposition, the government repeatedly stresses that a change of venue in Mr. Bledsoe's case is not warranted because effective voir dire can ferret out individual juror bias and thus insure that an impartial jury is seated.  Opposition at 3, 4, 5, 12, 13, 14, 15, 18, 22, 23.  Indeed, this is the government's chief argument against a change of venue.

10.     Given the government's premise that effective voir dire can obviate the need to change venue for Mr. Bledsoe's trial, it is therefore inexplicable that, in response to Mr. Bledsoe's request that, if the Court denies his motion for a change of venue, it alternatively allow for expanded voir dire that includes the use of a jury questionnaire, the government then claims that such expanded voir dire should not be allowed.

## CONCLUSION

WHEREFORE, the defendant, Matthew Bledsoe, replies to the Government's Opposition to Defendant's Motion to Transfer Venue.

Respectfully submitted,

\_\_\_\_/s/_____
Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Matthew Bledsoe
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101