**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Case No. 21-204 (BAH) |
| MATTHEW BLEDSOE, | Chief Judge Beryl A. Howell |
| Defendant. | |

## INSTRUCTIONS TO THE JURY

The attached instructions were read to the jury in the trial of the captioned case on July 20, 2022, and given to the jury for deliberations on July 21, 2022.

Date: July 21, 2022

_____
BERYL A. HOWELL
Chief Judge

**FINAL JURY INSTRUCTIONS** – *U.S. v. Matthew Bledsoe,* 21-cr-204 – July 20, 2022

Members of the jury, at this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies in this case and to the evidence that has been presented. After I have given you these instructions, tomorrow morning you will hear the closing arguments of counsel concerning the evidence in this case and then you will begin your deliberations. It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this trial.

I will provide each of you with a copy of my instructions, in fact I will make 12 copies for all of my 12 deliberating jurors, so you need not take notes; just listen carefully. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. And I will give you instructions on how to do that at the end of these instructions. The copy of these instructions given to you will be returned to me when you render your verdict.

As I stated in my preliminary instructions at the beginning of the trial, my function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case. It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware.  Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict.  All people deserve fair treatment in our system of justice regardless of any personal characteristics, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level.  You should determine the facts solely from a fair consideration of the evidence.  You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

If any reference by me or by any of the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, had agreed—to certain facts. And you should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant **MATTHEW BLEDSOE** to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of an offense with which **MR. BLEDSOE** is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of an offense beyond a reasonable doubt, it is your duty to find **MR. BLEDSOE** not guilty of that offense.

Now as I mentioned during the preliminary instructions that I gave you at the beginning of the trial, the government has the burden of proving **MR. BLEDSOE** guilty beyond a reasonable doubt as to each element of each charge against him. In civil cases, by contrast, it is only necessary to prove that a fact is more likely than not, or, in some cases, that its truth is highly probable.

In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of **MR. BLEDSOE'S** guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

I'm going to give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all of the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party they represent. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, which I don't believe happened in this case, you should ignore both the question and the answer and they should play no part in your deliberations.

## EVALUATION OF TESTIMONY

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the

witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has a friendship or a hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any inconsistencies or consistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any other witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he is a police officer.

A defendant has a right to become a witness on his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial. As with the

testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done by **MR. BLEDSOE**, and all other facts and circumstances received in evidence which may indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or did not do. It is entirely up to you to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that **MR. BLEDSOE** acted with the necessary state of mind.

During the course of this trial, a number of exhibits were admitted into evidence. Sometimes only portions of an exhibit were admitted, such as portions of a larger video, or a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appears to be omissions or redactions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is put before you.

## CHARGES

At the beginning of the trial, I gave you preliminary instructions that generally described the different types of charges that the government has brought against the defendant. **MR. BLEDSOE** is charged with committing offenses charged in five separate counts. I will read those charges to you now and then explain the definitions of terms used in the charges and the elements of each charge. When no formal definition is provided for a term, please rely on your everyday understanding of the word. Again, keep in mind that you will have a copy of these instructions when you deliberate, so you need not write any or all of this down.

Before I discuss the charges, I need to define the term "knowingly." This will appear in all of the charges. A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

### COUNT ONE – Obstruction of an Official Proceeding

Count One charges as follows: On or about January 6, 2021, within the District of Columbia and elsewhere, **MATTHEW BLEDSOE**, attempted to, and did corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's

certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C., which is short for United States Code, §§ 15–18, in violation of 18 U.S.C. §§ 1512(c)(2), 2.

Count One also charges the defendant with aiding and abetting others to commit that offense.

I will first explain the elements of the substantive offense, along with its associated definitions. And then, I will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

To find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:
1. The defendant attempted to or did obstruct or impede an official proceeding;
2. The defendant intended to obstruct or impede the official proceeding;
3. The defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding; and
4. The defendant acted corruptly.

The term "official proceeding" includes a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count One, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

To act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct with the intent to obstruct or impede an official proceeding, does act corruptly.

*Attempt*

In Count One, **MATTHEW BLEDSOE** is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:
1. The defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above; and
2. The defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the "substantial step" element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

## *Aiding and Abetting*

In this case, the government further alleges that **MATTHEW BLEDSOE** committed obstruction of an official proceeding, as charged in Count One, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that **MR. BLEDSOE** committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing the offense, you must find that the government proved beyond a reasonable doubt the following five requirements:
1. Others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I explained above;
2. The defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others;
3. The defendant performed an act or acts in furtherance of the offense;

4. The defendant knowingly performed those acts or act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding; and
5. The defendant did those acts or act with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant that at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

## COUNT TWO – Entering and Remaining in a Restricted Building or Grounds

Count Two charges that: On or about January 6, 2021, in the District of Columbia, **MATTHEW BLEDSOE** did unlawfully and knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, without lawful authority to do so, in violation of 18 U.S.C. § 1752(a)(1).

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:
1. The defendant entered or remained in a restricted building or grounds without lawful authority to do so; and
2. The defendant did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.

A person who enters a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find the defendant guilty of Count Two unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building.

### COUNT THREE – Disorderly and Disruptive Conduct in a Restricted Building or Grounds

Count Three charges that: On or about January 6, 2021, in the District of Columbia, **MATTHEW BLEDSOE** did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions, in violation of 18 U.S.C. § 1752(a)(2).

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:
1. The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;
2. The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and
3. The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

The term "restricted building or grounds" and "knowingly" have the same meanings as I have already described to you in the instructions for Count Two or for all of the charges.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person by jostling against or unnecessarily crowding that person. "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

### COUNT FOUR – Disorderly and Disruptive Conduct in a Capitol Building

Count Four charges that: On or about January 6, 2021, within the District of Columbia, **MATTHEW BLEDSOE,** willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress, in violation of 40 U.S.C. § 5104(e)(2)(D).

FINAL JURY INSTRUCTIONS – *U.S. v. Matthew Bledsoe*, 21-cr-204 – July 20, 2022

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:
1. The defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings;
2. The defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and
3. The defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The terms "disorderly conduct" and "disruptive conduct" have the same meanings as defined in the instructions for Count Three.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

I instruct you that, for purposes of Count Four, "the orderly conduct of a session of Congress or either House of Congress" includes all the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College vote for the 2020 presidential election.

## COUNT FIVE– Parading, Demonstrating, or Picketing in a Capitol Building

Count Five charges that:  On or about January 6, 2021, within the District of Columbia, **MATTHEW BLEDSOE,** willfully and knowingly paraded, demonstrated, and picketed in any U.S. Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:
1. The defendant paraded, demonstrated, or picketed in any of the U.S. Capitol Buildings; and
2. The defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

The terms "U.S. Capitol Buildings" and "willfully" have the same meanings as defined in the instructions for Count Four.

## **DEFENDANT MATTHEW BLEDSOE'S THEORY OF THE CASE**

Defendant **MATHEW BLEDSOE** denies the charges against him in Counts One, Two, Three, and Four.

## **DELIBERATIONS AND LOGISTICAL MATTERS**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

Defendant is charged with five separate offenses. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count against him should not influence your verdict with respect to any other count. At any time during your deliberations, you may return your verdict of guilty or not guilty with respect to any count.

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

You will be provided with a Verdict Form for your use when you have concluded your deliberations. The form is not evidence in the case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law as I have given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict for each count.

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should

be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

I would like to remind you that, in some cases, there may be reports on the Internet, television, radio, or newspaper concerning this case or other reporting related to the events at the U.S. Capitol on January 6, 2021.  You may be tempted to read, listen to, or watch it.  And you must not do so. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial or related events inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let Ms. Gumiel, the courtroom deputy, know about it as soon as you can after it happens, and I will then discuss it briefly with you.

When you retire to the jury room to deliberate, I also want to remind you of an instruction I gave you at the beginning of the trial.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a phone, smart phone, iPhone, computer, tablet, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or social media service such as Facebook, LinkedIn, YouTube, Twitter, or Instagram, and the list keeps growing, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone, or talk face to face with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations after you have heard the final closing arguments tomorrow morning. And I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media or any other individual person might be wrong, incomplete, or inaccurate. You are only permitted to discuss this case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only to you and not your fellow jurors or the parties in the case. This would unfairly and adversely affect the judicial process.

During the trial, I did permit those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the note taker's own personal use.

When you go back to the jury room to begin your deliberations, we will send back with you into the jury room the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdicts.  Please keep in mind that any exhibits that were only marked

for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the court security officer who will be stationed outside the jury room, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the court security officer, or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing, or in note, or in open court, how the jury is divided, if they are, on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

*   *   *

**So that concludes my final instructions; you will hear closing arguments tomorrow morning.**