UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW BLEDSOE,<br><br>Defendant. | Criminal Action No. 21-204 (BAH)<br><br>Chief Judge Beryl A. Howell |

### MEMORANDUM OPINION

Pending before the Court is defendant Matthew Bledsoe's Motion for Release Pending Appeal ("Def.'s Mot."), ECF No. 256, which the government opposes, Gov't's Opp'n Def.'s Mot. ("Gov't's Opp'n"), ECF No. 257. For the reasons stated below, defendant's motion is GRANTED.

I.  BACKGROUND

Defendant was convicted, following a four-day jury trial, on July 18 to 21, 2022, of a single felony offense for Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One), and four misdemeanor offenses, including Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Two), Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Three), Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Four), and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Judgment at 1–2, ECF No. 246; *see also* Indictment at 1–3, ECF No. 23. During trial, defendant took the witness stand and "provided materially false testimony . . . on four topics"—specifically, as to defendant's "knowledge and understanding of what was taking place in Congress with respect to the vote certification," "the lawfulness of his entry into the Capitol and clear signs he was not permitted inside," "the identities

of individuals he entered the U.S. Capital looking for," and "the meaning [of] text messages and content posted on social media condoning violence and storming the U.S. Capitol." Sentencing Tr. at 71:13–21, ECF No. 244. He further testified that he no longer believed "that the presidential election had been stolen." Trial Tr. at 61:21–62:5, ECF No. 251 (July 20, 2022, Morning Sess.). Upon return of the jury verdict with convictions on all counts, the government did not object to defendant's request to continue his pretrial release pending sentencing. *See* Trial Tr. at 57:18–60:13, ECF No. 252 (July 21, 2022); Minute Entry (July 21, 2022). Defendant had been on pretrial release pending trial since his arrest on January 15, 2021. *See* Arrest Warrant Return, *United States v. Bledsoe*, No. 21-cr-80 (D.D.C. Feb. 4, 2021); Minute Entry for Initial Appearance, *United States v. Bledsoe*, No. 21-cr-80 (D.D.C. Feb. 4, 2021).

At the sentencing hearing, on October 21, 2022, the Court determined the applicable advisory guidelines sentencing range for defendant, who was in Criminal History Category I and had an adjusted total offense level of 27, to be 70 to 87 months' imprisonment. Sentencing Tr. at 78:11–15. Specifically, as to Count One, U.S.S.G. § 2J1.2(a) applied with a base offense level of 14, which was increased by: 8 offense levels, pursuant to U.S.S.G. § 2J1.2(b)(1)(B), "because the offense involved causing or threatening physical injury to a person or property damage in order to obstruct the administration of justice," *id*. at 77:20–78:3; 3 offense levels, pursuant to U.S.S.G. § 2J1.2(b)(2), "because the offense resulted in the substantial interference with the administration of justice, specifically the proceedings of Congress," *id*. at 78:3–6; and 2 offense levels, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice, because defendant "provided materially false testimony during his trial on four topics," *id*. at 71:10–14, 72:21–73:2, 78:6–9, resulting in a total offense level of 27, *id.* at 78:9. As to Count Two, U.S.S.G § 2B2.3(a) applied with a base offense level of 4, which was increased by: 2 offense levels, pursuant to U.S.S.G. § 2B2.3(b)(1)(A)(vii),

"because the trespass occurred at a restricted building or grounds," but as a result of a cross reference, at U.S.S.G. § 2B2.3(c)(1), the offense level was adjusted up to 25 offense levels "because the offense was committed with the intent to commit the felony," to which 2 offense levels were added, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice, for the same total offense level of 27 as applied to Count One. *Id.* at 76:23–77:13. As to Count Three, U.S.S.G. § 2A2.4(a) applied with a base offense level of 10, which was increased by 2 offense levels, pursuant to U.S.S.G. 3C1.1, for obstruction of justice "due to [defendant's] testimony at trial," for a total offense level of 12, which would produce a sentencing range of 10 to 16 months' incarceration. *Id.* at 77:14–19. With Counts One and Two each resulting in a total offense level of 27, the highest for the group consisting of Counts One, Two, and Three, *see* U.S.S.G. § 3D1.2(c), the total adjusted offense level was 27, which, combined with a criminal history category of I, produced an advisory guidelines range of 70 to 87 months' imprisonment. *Id.* at 76:15–19, 78:11–15. Since the statutory maximum for the Class A misdemeanors charged in Counts Two and Three was 12 months' incarceration, the guideline sentence for Count Two was 12 months' incarceration, and the guideline range for Count Three was 10 to 12 months' incarceration, pursuant to U.S.S.G. § 5G1.1.[1]

The Court then granted a downward variance below the minimum of the advisory sentencing range to "avoid unwarranted sentence disparities," *id.* at 118:21–119:6, upon finding that "the guideline range with a minimum of 70 months [was] too extreme to fit the nature of Mr. Bledsoe's conduct compared to other persons who engaged in a serious offense conduct on January 6th," *id.* at 118:21–119:1, where defendant did not "engage[] in aggressive or violent confrontations with law enforcement, [bring] weapons, or damage[] or [steal] property while

---

[1] The sentencing guidelines are inapplicable to Counts Four or Five, which are Class B misdemeanors each carrying a maximum sentence of six months' imprisonment. *See* U.S.S.G. § 1B1.9; 40 U.S.C. § 5109(b).

3

outside or inside the U.S. Capitol Building," Statement of Reasons at 5, ECF No. 238. Defendant was then sentenced to a term of 48 months' imprisonment on Count One, and the statutory maxima of 12 months' imprisonment on Counts Two and Three, and 6 months' imprisonment on Counts Four and Five, to be followed by 36 months of supervised release as to Count One and 12 months as to Counts Two and Three, with terms of incarceration and supervised release to run concurrently. Judgment at 3–4; *see also* 18 U.S.C. § 1752(b)(2) ("The punishment for a violation of subsection (a) is . . . imprisonment for not more than one year[.]"); 40 U.S.C. § 5109(b) ("A person violating section [5104(e)(2)] . . . shall be . . . imprisoned for not more than six months[.]").

Given defendant's satisfactory compliance while on pretrial release pending both trial and sentencing, defendant was permitted, with consent of the government, to self-surrender to the Bureau of Prisons, which, according to defendant, he did on December 6, 2022. *See* Def.'s Mot. at 3; Sentencing Tr. at 124:17–125:3 (granting defendant's motion for self-surrender); Minute Order (Nov. 11, 2022) (directing defendant to "self-surrender to the Bureau of Prisons on a date after November 30, 2022").

On November 2, 2022, defendant filed a notice of appeal of his conviction on Count One and of his sentence on the remaining Counts, on grounds that the district court erred by denying defendant's motion to dismiss Count One, and by determining defendant's total offense level by applying two sentencing enhancements under U.S.S.G. §§ 2J1.2(b)(1)(B) and 2J1.2(b)(2) to his Section 1512(c)(2) conviction. *See* Appellant Br. at 2, *United States v. Bledsoe*, No. 22-3085 (D.C. Cir. May 30, 2023).[2] On December 20, 2023, the D.C. Circuit ordered that defendant's appeal of

---

[2] In pretrial motions, defendant moved, *inter alia*, to dismiss Count One of the Indictment charging him with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), on grounds that only obstructive conduct affecting physical evidence for use in an official proceeding falls within the scope of the statute, and any broader reading of the statute would render it unconstitutionally vague, that Congress's certification of the Electoral College vote on January 6, 2021, did not qualify as an "official proceeding," as the term is used in 18 U.S.C. § 1512(c)(2), because it was not "a court-like proceeding that has the ability to secure witness testimony and evidence for purposes related to the administration of justice," and that under principles of lenity, Section 1512(c)(2) does not apply to

judgment be held in abeyance pending the Supreme Court's resolution of *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023), and the D.C. Circuit's resolution of *United States v. Brock*, No. 23-3045, addressing that defendant's Section 1512(c)(2) conviction and the district court's application of the U.S.S.G. § 2J1.2(b)(2) sentencing enhancement. *See* Order, No. 22-3085 (D.C. Cir. Dec. 20, 2023); *see also* Appellant Br., *United States v. Brock*, No. 23-3045 (D.C. Cir. July 10, 2023).

Shortly thereafter, on December 31, 2023, defendant filed the pending motion, under 18 U.S.C. § 3143(b), for "release[] from the sentence he is currently serving while his appeal is pending," given the Supreme Court's grant of *certiorari* in *Fischer*, *see* No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023), arguing that "he is not likely to flee or pose a danger to the safety of any other person," Def.'s Mot. at 13, and that the grant of *certiorari* raises a "substantial question of law," Def.'s Reply Supp. Mot. for Release ("Def.'s Reply") at 3–4, ECF No. 258 (quoting 18 U.S.C. § 3143(b)(1)(B)). For the reasons set forth below, defendant's motion is granted.

## II.  DISCUSSION

Courts are directed to "order the release" of an individual pending appeal upon finding, "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," 18 U.S.C. § 3143(b)(1), and, in pertinent part, "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal . . . or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," *id*. §

---

defendant's conduct. Def.'s Mot. Dismiss Count One at 16–18, 21–25, 31–33, ECF No. 168. This motion was denied for reasons stated orally on the record during the parties' July 15, 2022, pretrial conference. *See* Minute Order (July 15, 2022); Pretrial Conference Tr. at 79:14–102:25, ECF No. 248.

5

3143(b)(1)(B); *see also* Charles Alan Wright et al., 3B FED. PRAC. & PROC. CRIM. § 770 (4th ed.). Defendant bears the burden of showing that both statutory prongs are met. *See United States v. Perholtz*, 836 F.2d 554, 555–56 (D.C. Cir. 1987) (per curiam) (recognizing "the required showing on the part of the defendant" as to "whether [an] appeal 'raises a substantial question of law or fact likely to result in reversal'" (quoting 18 U.S.C. § 3143(b)(1)(B))); *see also United States v. Zimny*, 857 F.3d 97, 101 (1st Cir. 2017) ("[Defendant] has met his burden to show entitlement to release from custody pending appeal under § 3143(b)(1)[.]"); *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007) ("In enacting § 3143(b), Congress placed the burden as to all elements bearing on whether to grant bail pending appeal on the defendant." (quotation marks, brackets, and citation omitted)). These standards are met in the instant case.

First, this Court finds, by clear and convincing evidence, that defendant "is not likely to flee or pose a danger . . . if released." 18 U.S.C. § 3143(b)(1)(A). Although, during the nearly 23-month period from the date of defendant's arrest in January 2021, to the date of his self-surrender on December 6, 2022, pretrial services reported "an issue regarding [] defendant's attitude and demeanor" toward his supervising officers "illustrat[ing] a pattern of behavior the defendant show[ed] towards his supervision officers," Pretrial Services Agency Status Report at 2–3, ECF No. 206, defendant otherwise complied with the conditions of his release, *see* Presentence Investigation Report ("PSR") ¶¶ 11–12, ECF No. 236. The government did not seek pretrial detention and raised no objection to defendant remaining on release pending sentencing and allowing defendant to self-surrender following sentencing. *See* Order Setting Conditions of Release, ECF No. 33; Min. Entry (July 21, 2022) ("Defendant will remain released on his own personal recognizance pending sentencing under the same conditions of release imposed by the Court[.]"); Trial Tr. at 57:18–22 (July 21, 2022); Sentencing Tr. at 124:19–125:3 (granting

defendant's motion to self-surrender, to which the government was "not objecting"). Moreover, as the government does not contest, since self-surrendering on December 6, 2022, defendant has been, according to his case manager, a "model inmate." Def.'s Mot. at 10; Def.'s Reply at 5. Defendant's close relationships with his family, his role as "the sole financial provider for his wife and two daughters," Def.'s Mot. Self-Surrender at 2, ECF No. 231, and his business ownership, are additional factors reinforcing that defendant is unlikely to flee or reoffend pending resolution of defendant's appeal, *see* PSR ¶¶ 68–70, 85–86.

Notwithstanding this record, the government contends that defendant may be more likely to flee now that he "knows the day-to-day reality of confinement in prison," Gov't's Opp'n at 3, but this argument ignores that defendant "did not flee when he had 48 months to serve," Def.'s Reply at 2. While the government's concern that defendant may pose a danger to others given that "we are now in a presidential election year," Gov't's Opp'n at 4, is legitimate, given defendant's serious offense conduct for which he stands convicted, defendant testified, under oath at his trial, about realizing that his belief that the 2020 Presidential election had been stolen was wrong. *See* Trial Tr. at 61:21–62:5 (July 20, 2022, Morning Sess.). The Court is not persuaded that this defendant would pose a danger to others, where defendant complied with the conditions of release pending trial and sentencing, and earned the report of being a "model inmate" since self-surrendering. Def.'s Mot. at 10; Def.'s Reply at 5.

Second, defendant's appeal "raises a substantial question of law or fact." 18 U.S.C. § 3143(b)(1)(B). Specifically, defendant challenges his conviction on Count One, arguing that his conduct does not fall within the scope of Section 1512(c)(2), *see* Appellant Br. at 7–8, which argument was rejected by this Court when presented in defendant's pretrial motion to dismiss, *see* Minute Order (July 15, 2022); Pretrial Conference Tr. at 79:14–102:25, consistent with subsequent

7

rulings by the D.C. Circuit in *Fischer*, 64 F.4th at 350, and *United States v. Robertson*, 86 F.4th 355, 381 (D.C. Cir. 2023).  The Supreme Court granted *certiorari* to resolve whether Section 1512(c)(2) applies to "acts unrelated to investigations and evidence," one basis for defendant's appeal of his Section 1512(c)(2) conviction.  *See Fischer v. United States*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023) (granting petition for *certiorari*); Pet. Writ of Certiorari § i, *Fischer v. United States*, No. 23-5572 (Sept. 11, 2023) (presenting the question whether "the D.C. Circuit err[ed] in construing 18 U.S.C. § 1512(c) . . . which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence").

"[A] substantial question" means "a close question or one that very well could be decided the other way." *Perholtz*, 836 F.2d at 555 (quotation marks and citations omitted).  This is a "demanding standard . . . to accord with the expressed congressional intent to increase the required showing on the part of the defendant." *Id*. at 555–56.  The question on appeal of whether the conduct for which defendant has been convicted in Count One falls within Section 1512(c)(2)'s ambit satisfies this standard, as other Judges on this Court considering the same issue have found.  *See Sheppard*, 2024 WL 127016, at *3; *United States v. Adams*, No. 21-cr-354 (APM), 2024 WL 111802, at *2 (D.D.C. Jan. 10, 2024); *accord* Minute Order, *United States v. Clark*, No. 21-cr-538 (DLF) (D.D.C. Dec. 21, 2023) (granting defendant's motion to stay self-surrender date pending resolution of *Fischer*).

The government correctly argues that the Supreme Court's grant of *certiorari* in *Fischer* "does not indicate that those opinions were wrongly decided." Gov't's Opp'n at 5.  Indeed, defendant may be overly optimistic that the Supreme Court's resolution of *Fischer* may be favorable to him, where the D.C. Circuit has twice upheld, over lone dissents, the application of Section 1512(c)(2) to obstructive conduct designed "to stop Congress from certifying the results

of the 2020 presidential election," *Fischer*, 64 F.4th at 335; *see also Robertson*, 86 F.4th at 375–76, and the "striking" "near unanimity of [] rulings" by every other Judge on this Court, with one exception, that "adopted the broad reading of the statute . . . to uphold the prosecution of defendants who allegedly participated in the Capitol riot," *Fischer* 64 F.4th at 338 & n.3 (collecting cases); *see also* United States Br. Opp. Pet. Certiorari, *Fischer v. United States*, No. 23-5572, 2023 WL 7164427, at *20 n.3 (Oct. 30, 2023) ("[E]very other district judge in the District of Columbia has now rejected the interpretation adopted by the district judge here." (citations omitted)).[3] At the same time, *Fischer* produced three separate decisions, including a dissent, and such fractured appellate decision-making strongly suggests a "close question" that is far from frivolous. *Accord Adams*, 2024 WL 111802, at *2 ("[T]he Supreme Court's decision to review *Fischer* means, at a minimum, that this case poses a 'close question.'").

Third, reversal of defendant's conviction under Section 1512(c)(2) is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). A favorable ruling for defendant in *Fischer* would not result in "reversal" under Section 3143(b)(1)(B)(i), for while such

---

[3] *See also United States v. Gillespie*, No. 1:22-cr-60, 2022 WL 17262218, at *3–6 (D.D.C. Nov. 29, 2022) (Howell, J.); *United States v. Hale-Cusanelli*, 628 F. Supp. 3d 320, 325–26 (D.D.C. 2022) (McFadden, J.); *United States v. Robertson*, 610 F. Supp. 3d 229, 232–36 (D.D.C. 2022) (Cooper, J.), *aff'd*, 86 F.4th 355 (D.C. Cir. 2023), *and aff'd*, 84 F.4th 1045 (D.C. Cir. 2023); *United States v. Williams*, No. 21-cr-618, 2022 WL 2237301, at *8–17 (D.D.C. June 22, 2022) (Berman Jackson, J.); *United States v. Fitzsimons*, 605 F. Supp. 3d 132, 137–151 (D.D.C. 2022) (Contreras, J.), *appeal docketed*, No. 23-3123 (D.C. Cir. Aug. 1, 2023); *United States v. Bingert*, 605 F. Supp. 3d 111, 118–28 (D.D.C. 2022) (Lamberth, J.); *United States v. McHugh*, No. 21-cr-453, 2022 WL 1302880, at *2–12 (D.D.C. May 2, 2022) (Bates, J.); *United States v. Puma*, 596 F. Supp. 3d 90, 96–108 (D.D.C. 2022) (Friedman, J.); *United States v. Grider*, 585 F. Supp. 3d 21, 27–34 (D.D.C. 2022) (Kollar-Kotelly, J.); *United States v. Montgomery*, 578 F. Supp. 3d 54, 69–87 (D.D.C. 2021) (Moss, J.); *United States v. Nordean*, 579 F. Supp. 3d 28, 42–54 (D.D.C. 2021) (Kelly, J.); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 24–27 (D.D.C. 2021) (Boasberg, J.); *United States v. Caldwell*, 581 F. Supp. 3d 1, 11–34 (D.D.C. 2021) (Mehta, J.); *United States v. Sandlin*, 575 F. Supp. 3d 16, 21–34 (D.D.C. 2021) (Friedrich, J.); *but see United States v. Mille*r, 589 F. Supp. 3d 60, 66–79 (D.D.C.) (Nichols, J.), *reconsideration denied*, 605 F. Supp. 3d 63 (D.D.C. 2022), *and rev'd and remanded sub nom. United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); *United States v. Fischer*, No. 1:21-cr-234 (CJN), 2022 WL 782413, at *4 (D.D.C. Mar. 15, 2022) (Nichols, J.), *rev'd and remanded*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); Minute Order, *United States v. Lang*, No. 1:21-cr-53 (CJN) (D.D.C. June 7, 2022) (Nichols, J.).

9

ruling may require vacatur of defendant's Section 1512(c)(2) conviction, defendant remains convicted on four misdemeanor counts. *See Perholtz*, 836 F.2d at 557 (stating the appeal must "raise[] a substantial question likely to result in reversal of *all* counts on which imprisonment is imposed" (emphasis supplied) (citation omitted)). Vacatur of defendant's Section 1512(c)(2) conviction would likely "result in . . . a reduced sentence" in his term of imprisonment. 18 U.S.C. § 3143(b)(1)(B).

Defendant posits that he would be subject to a guideline sentencing range of 10 to 16 months' incarceration, absent the Section 1512(c)(2) conviction, *see* Def.'s Mot. at 8—but without accounting for the applicable statutory maximum capping the applicable sentencing range at 12 months, pursuant to U.S.S.G. § 5G1.1. He argues for immediate release because, with the benefit of "good-time credits under 18 U.S.C. § 3624(b)(1)," defendant "would only have to serve 13.6 months," and he has already served this amount of time, *id.* at 10; *see also* Def.'s Reply at 5. The government responds that defendant should not be released pending appeal because defendant's convictions on the four misdemeanor counts "could be served consecutively such as to form a total sentence of incarceration greater than 12 months," for a statutory maximum of three years, in order "to account for the aggravators present in this case." Gov't's Opp'n at 6–7 (citing U.S.S.G. § 5G1.2(d)). As support, the government points to the cross reference applicable to defendant's conviction on Count Two, for violation of 18 U.S.C. § 1752(a)(1), and the upward adjustment for defendant's obstruction. *Id.* at 7 & n.1. While possible, imposing consecutive sentences on the four misdemeanors would be a departure from both default practice under federal law, *see* 18 U.S. Code § 3584(a) ("Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."), and the position advanced by the government and adopted by this Court at defendant's sentencing in the

instant case, where the government did not seek consecutive terms of imprisonment, *see generally* Gov't's Sentencing Mem., ECF No. 228, resulting in an order to concurrent terms of imprisonment on all Counts, *see* Sentencing Tr. at 120:5–12 (sentencing defendant to "a term of 48 months on Count 1; a term of 12 months on each of Counts 2 and 3; a term of 180 days, which is 6 months, on each of Counts 4 and 5; with all counts to be served concurrently—meaning they run at the same time . . . for a total of 48 months").  Particularly given that, at sentencing, a downward variance from the minimum guidelines sentencing range was granted to avoid unwarranted sentencing disparities with similarly situated defendants, and upon consideration of other factors, including defendant's lack of prior "criminal convictions within the last ten years," Sentencing Tr. at 115:24–116:1, the fact that defendant "built a business to support . . . and raise [his] family," *id.* at 116:1–5, and grew "more cooperative" with respect to pretrial release "as the trial approached," *id.* at 116:20–21, a sentence with terms of imprisonment running consecutively is unlikely to be imposed in the instant case.  In short, should defendant's conviction under Section 1512(c)(2) be vacated, his "likely reduced sentence" would be 12 months' incarceration, the statutory maximum and within the advisory guideline sentencing ranges for the Class A misdemeanors in Counts Two and Three.  *See* U.S.S.G. § 5G1.1(a); *see also supra* Part I.

Given that defendant has served nearly 14 months' imprisonment, defendant has already served more than the amount of time to which he likely would be sentenced, absent the Section 1512(c)(2) conviction in Count One.  Accordingly, defendant's Motion for Release Pending Appeal is GRANTED.  While defendant appears to request his release for the duration of his appeal before the D.C. Circuit, his release now is predicated only on satisfaction of the statutory standard, under 18 U.S.C. § 3143(b), as to Count One and thus may be revoked depending on the Supreme Court's decision in *Fischer*.

## III.  CONCLUSION

For the reasons set forth above, defendant's Motion for Release Pending Appeal, ECF No. 256, is GRANTED.  An order consistent with this Memorandum Opinion will be filed contemporaneously.

Date: January 30, 2024

_____
**BERYL A. HOWELL**
United States District Judge