**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | )( | |
| | )( | **Criminal No. 21-204 (BAH)** |
| **v.** | )( | **Judge Howell** |
| | )( | |
| **MATTHEW BLEDOSE** | )( | |

## RESPONSE TO COURT'S ORDER

COMES NOW the defendant, Matthew Bledsoe, by and through undersigned counsel, and respectfully responds to the Court's minute order of September 25, 2024 regarding the need for de novo resentencing in this case in light of the mandate from the United States Court of Appeals for the District of Columbia Circuit that has been recently handed down.  Towards this end, Mr. Bledsoe would show:

1.       In this case, after a trial, Mr. Bledsoe was convicted on five counts related to conduct he engaged in in connection with the congressional hearing to certify the Electoral College votes that occurred at the United States Capitol on January 6, 2021. These counts are: 1) Obstruction of an Official Proceeding (18 U.S.C. §§ 1512(c)(2)), 2) Entering and Remaining in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(1)), 3) Disorderly or Disruptive Conduct in a Restricted Building or Grounds 18 U.S.C. § 1752(a)(2)), 4) Disorderly Conduct in a Capitol Building (40 U.S.C. § 5104(e)(2)(D)), and 5) Parading, Demonstrating, or Picketing in a Capitol Building (40 U.S.C. § 5104(e)(2)(G)).

2.       At sentencing, the Court sentenced Mr. Bledsoe to 48 months on the count charging him with a violation of 18 U.S.C § 1512(c)(2), 12 months on each of the two counts charging him with a violation of 18 U.S.C. § 1752, and 6 months on each of the

1

two counts charging him with a violation of 40 U.S.C. § 5104.  The Court had all the sentences run concurrently.  Amended Judgment (ECF No. 246) at 3.

3.      After Mr. Bledsoe was sentenced, he noted an appeal.  On appeal, he argued, among other things, that the Court erred 1) in denying his motion to dismiss the count charging him with a violation of 18 U.S.C. § 1512(c)(2) due to the fact that his charged conduct was outside the scope of the provision and 2) in applying U.S.S.G. §§ 2J1.2(b)(1)(B) and 2J1.2(2) (the "administration of justice" enhancements) in determining his offense level.

4.      After he was sentenced, Mr. Bledsoe self-surrendered to the Bureau of Prisons to begin serving his sentence.  This was on December 2, 2022.

5.      While Mr. Bledsoe was serving his sentence, the United States Supreme Court granted certiorari in connection with United States v. Fischer, 64 F.4th 329 (D.C. Cir. 2023).

6.      After the Supreme Court granted certiorari in Fischer, on December 31, 2023, Mr. Bledsoe moved the Court to release him pending his appeal before the D.C. Circuit.  Motion for Release Pending Appeal and Points and Authority in Support thereof (Motion for Release Pending Appeal) (ECF No. 256).  In his motion, Mr. Bledsoe argued that, if the Supreme Court overruled the D.C. Circuit in Fischer, the D.C. Circuit would have to order that the count charging him with a violation of 18 U.S.C. § 1512(c)(2) in his case be vacated.  Motion for Release at 3-7.  Further, Mr. Bledsoe argued that, if he was then resentenced on the four remaining counts against him, he would likely receive a sentence that was less than the time he had already served.  Id. at 7-10.

7.      On January 16, 2023, the government filed a Government's Opposition to Defendant's Motion for Release Pending Appeal and Points and Authority in Support thereof (Government's Opposition) (ECF No. 257).  In this opposition, the government argued that, if Mr. Bledsoe § 1512 conviction were vacated, it might request, at his re-sentencing, that at least some of the sentences on his remaining counts be made to run consecutively to each other so as to cause his resulting total sentence to still be greater than any time he would have served.  Government's Opposition at 6-9.

8.      On January 30, 2024, the Court granted Mr. Bledsoe's Motion for Release. Order (ECF No. 259).  In a Memorandum Opinion (ECF No. 260), the Court indicated that, if Mr. Bledsoe's § 1512 conviction is vacated, the Court would not be likely to give him a total sentence of more that twelve months on the four remaining counts.  Id. at 10-11.  Such a sentence would, of course, be less than the time that Mr. Bledsoe had already served.

9.      On February 1, 2024, Mr. Bledsoe was released from custody.  At that time, he had served just five days shy of fourteen months.

10.     After the Supreme Court overruled the D.C. Circuit in United States v. Fischer, 144 S.Ct. 2176 (2024), Mr. Bledsoe and the government filed a Joint Motion to Govern Future Proceedings (Joint Motion) (ECF No. 2071826) in Mr. Bledsoe's appeal case, United States v. Matthew Bledsoe, Appeal No. 22-3085.  In the motion, the government indicated that it did not oppose vacatur of Mr. Bledsoe's § 1512 conviction, and the parties requested that the case be remanded for resentencing.  Joint Motion at 3. The parties only requested that the case be remanded for resentencing as a general matter and did not specifically request that it be remanded for resentencing on the other four

counts still remaining against Mr. Bledsoe.  See id.  In response to the Joint Motion, the

D.C. Circuit issued a mandate ordering that Mr. Bledsoe's § 1512 conviction be vacated

and that his case "be remanded for further proceedings."  Mandate (ECF No. 261).  The

mandate did not direct resentencing on any of the remaining counts that Mr. Bledsoe had

been convicted on.  The government did not object to the mandate or raise any arguments

that it did not reflect what the parties had asked for in their Joint Motion.

11.     On remand of a case from a circuit court, a district court must strictly

adhere to the terms of the mandate.  "Under the mandate rule, 'an inferior court has no

power or authority to deviate from the mandate issued by an appellate court.'"  United

States v. Miller, 35 F.4th 807, 815 (D.C. Cir. 2022) (quoting Briggs v. Pennsylvania R.

Co., 334 U.S. 304, 306 (1948)).  See also United States v. Edmonds, 933 F.Supp. 32, 34

(D.D.C. 1996 (where mandate vacated defendant's conviction on count two, affirmed his

convictions on counts one and three, and remanded his case for resentencing on count

one, district court did not have authority to revisit the defendant's sentence on count

three).  Here, of course, the D.C. Circuit has not authorized any resentencing.  Rather, it

has only remanded the case "for further proceedings" in light of the vacatur of Mr.

Bledsoe's § 1512 conviction.  Such "further proceedings," of course, necessarily entail

dismissing the sentence for the § 1512 count.

12.     Even where an appellate court remands a case with an express direction

for the district court to conduct a resentencing (which did not occur here), at that

resentencing, "the district court may consider only such new arguments or new facts as

are made relevant by the court of appeals' decision."  United States v. Whren, 111 F.3d

956, 960.  Here, a reduction in Mr. Bledsoe's sentences on his four remaining counts

would be meaningless, given that he has already served more time than his current total sentence on those counts.  Additionally, when it granted Mr. Bledsoe's Motion for Release, the Court indicated that, if Mr. Bledsoe's § 1512 were to be vacated, it would be inclined to give him a total sentence of twelve months, which is the total sentence that would be automatically standing if his sentence on the § 1512 count were to be simply vacated.  Given all this, it is hard to see what issues would be relevant for resentencing on the four remaining counts now that Mr. Bledsoe's § 1512 count has been vacated.

13.     Given the above, Mr. Bledsoe submits that de novo resentencing on his four remaining counts in this case is not authorized by the D.C. Circuit's mandate and that, in conducting "further proceedings" in light of the mandate, the Court should only vacate the sentence (both the period of incarceration and the period of supervised release) of his now-dismissed § 1512 count and simply allow the sentences on the remaining counts to stand as they currently are.  Accordingly, Mr. Bledsoe submits that additional sentencing memoranda and a revised Presentence Investigation Report are not warranted.

14.     If the Court decides to do as Mr. Bledsoe argues for here, care should be taken to insure that Mr. Bledsoe does not undergo any additional incarceration.  If the Court allows the sentences on his four remaining counts to stand as they are, Mr. Bledsoe's total sentence will be twelve months.  He has already served almost fourteen months.

WHEREFORE, the defendant, Matthew Bledsoe, responds to the Court's minute order of September 25, 2024.

Respectfully submitted,

_____/s/_____
Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Matthew Bledsoe
717 D Street, N.W.
Suite 310
Washington, DC 20004
Phone: (202) 641-4211