UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MATTHEW BLEDSOE,<br><br>  Defendant. | Case No. 1:21-CR-00204-BAH |

## GOVERNMENT'S POSITION ON THE ISSUES RAISED BY THE COURT'S SEPTEMBER 25, 2024 MINUTE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in response to the Court's Minute Order of September 25, 2024. Specifically, the Court inquired as to three separate issues: (1) whether the mandate in this case permits resentencing on the non-vacated counts; (2) whether de novo resentencing would exceed the scope of the mandate and how the Court should address such a circumstance; and (3) whether, if resentencing does not exceed the scope of the mandate, why additional written material or reports would be necessary or warranted. We now respond in kind:

*First*, the mandate from the D.C. Circuit in this case has directed "that appellant's conviction under 18 U.S.C. 1512(c)(2) be vacated and the case remanded for further proceedings." *United States v. Matthew Bledsoe*, No. 22-3085 (D.C. Cir. Sept. 9, 2024). As this Court has noted, the mandate does not explicitly direct this Court to resentence Bledsoe. But this Court retains discretion to resentence Bledsoe consistent with the D.C. Circuit's mandate. Indeed, the broad language in the D.C. Circuit's mandate contemplates that a district judge will determine whether a resentencing is necessary in light of the sentence imposed in that particular case. "[W]hen th[e]

1

[Circuit] vacates one count of a multi-count conviction, the district court on remand should begin by determining whether that count affected the overall sentence and, if so, should reconsider the original sentence it imposed." *United States v. Blackson*, 709 F.3d 36, 40 (D.C. Cir. 2013). "[I]n the absence of more specific remand instructions, the general rules for resentencing set forth in *[United States v.] Lyons*, [706 F.2d 321 (D.C. Cir. 1983)], *[United States v.] Whren*, [111 F.3d 956 (D.C. 1997)], and [*United States v.] Rhodes*, [145 F.3d 1375 (D.C. Cir. 1998)] apply." *Blackson*, 709 F.3d at 42. Thus, consistent with Circuit precedent, the mandate directs this Court to consider whether the sentences imposed on the remaining counts are impacted by the vacatur of Bledsoe's § 1512(c)(2) conviction. If the Circuit's decision and vacatur of the § 1512 conviction affected the sentence, a resentencing is appropriate; if the vacatur had no impact on the sentence for the remaining counts, resentencing is not permitted.[1]

Resentencing is warranted here. "[A] criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent," and "a district court's original sentencing intent may be undermined by altering one portion of the calculus." *Blackson*, 709. F.3d at 41 (quoting *Pepper v. United States*, 562 U.S. 476, 507 (2011)). "[W]hen a defendant is found guilty on a multicount indictment, there is a *strong likelihood* that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan, and that if some counts are vacated, the judge should be free to review the efficacy of what remains in light of the original plan." *United States v. Townsend*, 178 F.3d 558, 567 (D.C. Cir. 1999) (emphasis added) (internal quotation marks omitted).

---

[1] *United States v. Edmonds* is inapposite because the Circuit's remand order in that case made clear that resentencing on the count at issue was not needed. 933 F. Supp. 32, 34 (D.D.C. 1996) (no authority to resentence on Count 3 where Circuit found that sentence for Count 3 was "proper" and specifically remanded for resentencing on a different count).

2

Here, Bledsoe was convicted of five counts: 18 U.S.C. § 1512(c)(2), 18 U.S.C. § 1752(a)(1) and (a)(2), and 40 U.S.C. § 5104(e)(2)(D) and (E). On October 21, 2022, the defendant was sentenced to the following:

> **Count One – 18 U.S.C. § 1512(c)(2):** forty-eight months of incarceration to run concurrently, thirty-six (36) months of supervised release to run concurrently and $100 special assessment,
>
> **Counts Two and Three – 18 U.S.C. § 1752(a)(1) and (2):** Twelve months of incarceration to run concurrently, twelve (12) months of supervised release to run concurrently and $25 special assessment for each count,
>
> **Counts Four and Five – 40 U.S.C. § 5104(e)(2)(D) and (G):** Six months of incarceration to run concurrently and $10 special assessment for each count.

*See ECF No. 237*. The 48-month sentence was a downward variance from the applicable Guidelines range, and the Court determined this was the appropriate sentence based on Bledsoe's conduct as compared to other rioters who were sentenced for similar conduct. Sentc'g Tr. 119-120. The Court identified several aggravating factors, including that Bledsoe was gleeful as he broke into the Capitol building, climbed on a statue inside the rotunda, was forced out of one area by tear gas but still did not leave, joined a mob outside the House of Representatives where members of Congress were unable to evacuate, lingered until he was forced out of the Capitol by a second round of tear gas, and gave false testimony at trial. *Id.* at 113-115, 117.

This Court reasoned that "The nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense and promote respect for the law favors a custodial sentence here." *Id.* at 115. Furthermore when considering the deterrent effect on future actions of those who would disrupt the peaceful transfer of power, "favors imposition of a period of incarceration to promote respect for the law and deter this defendant and others from engaging in such criminal activity in the future." *Id.* at 118. The Court's analysis makes clear that, rather than

serving as "just an additional Count that carried no independent weight," Bledsoe's § 1512(c)(2) conviction was an integral part of the Court's sentencing plan. *Blackson*, 709 F.3d at 39.

The concurrent 12- and 6-month sentences on the non-§1512(c)(2) counts—which were the statutory maximums, and significantly lower than the 48-month sentence this Court deemed appropriate in light of Bledsoe's conduct underlying all charges—were not imposed "without a view towards the ultimate total." *United States v. Lassiter*, 1 F.4th 25, 29 (D.C. Cir. 2021). In fact, the concurrent nature of the sentences on the non-§1512(c)(2) counts was required in light of the sentence on the § 1512(c)(2) conviction. *See* U.S.S.G. § 5G1.2(c) (requiring sentences on multiple counts to run concurrently if, as was true here, "the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment"). Bledsoe's concurrent sentences on the non-vacated counts were affected by, and intertwined with, his sentence on the § 1512(c)(2) conviction, and this Court should "review the efficacy of what remains in light of the original plan." *Townsend*, 178 F.3d at 567; *see also id.* at 569 ("[W]here the district court is sentencing outside the guidelines range, it is particularly important that the district court have discretion to reevaluate the entire sentencing package.") (citation omitted).[2]

---

[2] This case is distinguishable from cases where vacated convictions under 18 U.S.C. § 924(c) did not warrant resentencing. For example, in *United States v. Smith*, 467 F.3d 785 (D.C. Cir. 2006), the D.C. Circuit held "[t]he sentencing package doctrine . . . afford[ed] no apparent basis for any resentencing on the [remaining] counts" where the district court imposed "several concurrent life terms," and "only then, once the package [of the first group] was complete, did the court impose the consecutive 30-year term under § 924(c)." *Id.* at 790. The Circuit explained that the life sentences and the 30-year term "were in no way interdependent, so the former is not 'unravel[ed]' by vacation of the latter." *Id.* (quoting and distinguishing *Townsend*, 178 F.3d at 562); *see also United States v. Johnson*, Nos. 98-71-1, -6 , 2023 WL 4234651, at *18-20 (D.D.C. June 28, 2023) (Howell, J.) (counts should not be treated as a package where, among other things, the sentences were imposed consecutively and in "segments"); *United States v. Smith*, 605 F. Supp. 3d 1, 26-27 (D.D.C. 2022) (Howell, J.) (sentences were independent where the convictions were grouped, the court imposed a life sentence for those grouped convictions, and court then imposed a separate, consecutive sentence for the § 924(c) convictions); *accord United States v. Ausby*, No. 72-cr-67, 2019 WL 2870232, at *6 (D.D.C. July 3, 2019) (Howell, J.) ("two sentences were . . . in no way interdependent" where "the presiding judge imposed a life sentence for Felony Murder,

*Second,* the United States agrees that the Circuit's mandate does not permit de novo resentencing. Indeed, "in this circuit the district court generally does not have authority to resentence a defendant de novo." *Blackson*, 709 F.3d at 40; *see also United States v. Hunter*, 809 F.3d 677, 681 (D.C. Cir. 2016) ("Barring our 'express instructions' to the contrary, the district court has limited authority at resentencing and may take into account only a narrow range of circumstances."). "Vacatur is one way a district court, on remand, can reconfigure a sentencing plan, but does not, by itself, "permit[ ] [the court] to reconsider issues that were not in any way related to this court's vacatur of the" count or enhancement. *Hunter*, 809 F.3d at 681 n.3 (cleaned up; quoting *Blackson*, 709 F.3d at 41). Thus, at a resentencing, the Court may consider only: (1) "'new arguments or new facts as are made newly relevant by [the Circuit's] decision—whether by the reasoning or by the result,'" (2) "'facts that did not exist at the time of the original sentencing,' including 'rehabilitation efforts that the defendant ha[s] undertaken since receiving [the] original sentence,'" (3) "'an issue raised belatedly' if it constitutes plain error," and (4) "'arguments not raised at the original sentencing when the argument's relevance to the sentence was contingent on a circumstance that did not materialize at the original sentencing but that did come to pass by the time resentencing occurred, and where the defendant establishes good cause for not having raised the argument sooner.'" *Id.* at 681 (quoting *Blackson*, 709 F.3d at 40); *see also, e.g.*, *United States v. Miller*, 35 F.4th 807, 813, 815 (D.C. Cir. 2022) (affirming district court's application of upward variance at resentencing where Circuit did not "expressly forbid"

---

and once that was complete, further imposed a concurrent 10 to 30 year term for the Rape while Armed conviction"). Here, in contrast, the Court determined that the appropriate sentence for Bledsoe's conduct was 48 months and fashioned the sentence on all counts accordingly.

5

consideration of "new arguments" on remand and question of upward variance was made "newly relevant" by prior appeal).

*Third, s*upplemental sentencing memoranda would be necessary to address a number of issues relevant to resentencing.[3] First, briefing is necessary to address how vacatur of Bledsoe's § 1512(c)(2) conviction may have impacted the calculation of the Sentencing Guidelines range and the 18 U.S.C. § 3553(a) analysis, including the propriety of any departures or variances from a newly calculated range. Second, the parties should also be afforded the opportunity to address those facts and arguments that are permissible at resentencing under Circuit precedent, including: facts or arguments made newly relevant by the vacatur of the § 1512(c)(2) conviction, facts that did not exist at the time of the original sentencing, issues of plain error, and arguments not previously raised where the argument's relevance was contingent on circumstances that only materialized after the original sentencing and where there is good cause for not having raised it sooner. *See Hunter*, 809 F.3d at 681; *Blackson*, 709 F.3d at 40. Finally, it may be helpful to the Court to review sentencing memoranda that retain only the counts for which Bledsoe will be resentenced. While this Court has previously opined – in the context of motions for release pending appeal – about the likely sentence in this and other cases, Bledsoe now stands convicted of multiple misdemeanor offenses that are entirely devoid of context and prior findings, including the fact Bledsoe was found to have exhibited a specific and corrupt intent to interfere with a congressional proceeding at the core of the peaceful transfer of power in this nation. While the Court may ultimately disagree with the government's recommendation, resentencing with updated briefing and (possibly) updated guidelines may benefit the Court in reassessing how the sentence should

---

[3] A revised presentence investigation report may be necessary for the same reasons.

be refashioned, including any updates regarding Bledsoe's conduct, remorse, and acceptance while on release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

DATED: September 30, 2024           By    /s/ Jamie Carter
                                          JAMIE CARTER
                                          Assistant United State Attorney
                                          Bar No. 1027970
                                          Office of the United States Attorney for the District
                                          of Columbia
                                          601 D Street, N.W., Room 4.210
                                          Washington, D.C. 20530
                                          Jamie.Carter@usdoj.gov
                                          Office: 202-252-6741

7