UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | )( | |
| | )( | Criminal No. 21-204 (BAH) |
| v. | )( | Judge Howell |
| | )( | Resentencing: December 19, 2024 |
| MATTHEW BLEDSOE | )( | |

## UNOPPOSED MOTION TO CONTINUE RESENTENCING HEARING AND TO RESET DEADLINES

COMES NOW the defendant, Matthew Bledsoe, by and through undersigned counsel, and respectfully moves this Honorable Court to continue his resentencing hearing from December 19, 2024 to January 2, 3, 6, 7, 8, 9, or 10, 2025 or another date that is agreeable to the Court and the parties and to reset the deadlines for sentencing memoranda accordingly. Mr. Bledsoe so moves the Court because of undersigned counsel's unavailability on December 19, 2024 and his inability to prepare for sentencing on that date. In support of this motion, Mr. Bledsoe would show:

1.	On November 13, 2024, the Court issued a minute order in this case in which it directed the parties to appear before it on December 19, 2024 for a resentencing hearing. The Court further directed the parties to file sentencing memoranda by noon on December 13, 2024. The Court also directed the U.S. Probation Office to submit new Guidelines calculations for Mr. Bledsoe by December 10, 2024.

2.	Undersigned counsel has an opening brief due in the United States Court of Appeals for District of Columbia Circuit on December 20, 2024. Counsel represents one of three co-appellants in a complex conspiracy case under the Hobbs Act involving ten armed robberies of gas stations, liquor stores, restaurants, and convenience markets. The amount of evidence in the case alone is voluminous. The three appellants have been ordered to file a single, joint brief.

1

Counsel and his co-appellant counsel had specifically picked the December 20, 2024 deadline for the appellants' opening brief because they all had a window of open time prior to that date that would allow them to work together in preparing the brief. Especially because undersigned counsel must work in concert with other counsel in preparing the brief, he will not be able to re-prioritize his work on the brief so as to be able to do much work in preparing for Mr. Bledsoe's sentencing in in the two-week run-up to the filing deadline. Moreover, given that the brief is due on December 20, 2024, the just-scheduled resentencing date of December 19, 2024 in this case is almost certainly going to be a day of intense work in counsel's appellate case.

      3.      Resentencing in this case is likely to require some significant advocacy. Mr. Bledsoe is getting resentenced on four misdemeanor counts: two under 18 U.S.C. § 1752 and two under 40 U.S.C. § 5104. Under his original sentence, on these 4 misdemeanors, Mr. Bledsoe was given a total sentence of 12 months. He has already served 14 months incarceration. It appears that, at Mr. Bledsoe's resentencing, the Court is considering giving Mr. Bledsoe more time than he has already served by making the individual sentences on his four misdemeanors run consecutively with each other. See Minute Order.[1] This alone means that zealous advocacy is required. Moreover, based on a review of the most recent January 6 sentencing chart, it appears there are 35 cases where January 6 defendants have been sentenced, like Mr. Bledsoe is going to be, on just two § 1752 counts and two § 5104 counts. It seems clear that most of these cases—if not all of them—are cases where the defendants went to trial, just as Mr. Bledsoe did. A review of the sentencing chart shows that, in these 35 cases, a district court has never given a total sentence of more than 12 months incarceration, which is the statutory maximum for a single misdemeanor § 1752 offense. Moreover, the sentencing chart shows that, in the vast majority of the 35 cases, the total sentence has been far less than 12 months incarceration, sometimes as low as a purely probationary sentence. Accordingly, given the possibility that Mr. Bledsoe might be

---

[1] The Court has indicated that that it could make the individual sentences on his four misdemeanors run consecutively with each other to achieve an upward variance from the Guidelines range that would otherwise be applicable based on the his § 1752 counts (the Guidelines do not apply to the § 5104 counts). See Minute Order.

given a total sentence greater than the 14 months he has already served, counsel needs time to carefully review the above-referenced 35 cases (including underlying sentencing memoranda) and write up a significant discussion of them in Mr. Bledsoe's sentencing memorandum in making sentencing-disparity arguments.

4. On November 14, 2024, undersigned counsel exchanged e-mails with Assistant United States Attorney Jamie Carter. Ms. Carter graciously indicated that the government does not oppose continuing Mr. Bledsoe's resentencing. After consultation, it appears that, in January 2025, Mr. Bledsoe and the government are available to do the resentencing in this case on the 2nd, 3rd, 6th, 7th, 8th, 9th, or 10th of the month.

5. Given the above, Mr. Bledsoe requests that the resentencing hearing of December 19, 2024 be continued to January 2, 3, 6, 7, 8, 9, or 10, 2025 or another date that is agreeable to the Court and the parties and to reset the deadlines for sentencing memoranda accordingly.

WHEREFORE, the defendant, Matthew Bledsoe, moves this Honorable Court to continue his resentencing hearing and reset the deadlines for sentencing memoranda.

Respectfully submitted,

_____/s/_____
Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Matthew Bledsoe
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101